RUBINSKY et al. v. BANNER RUBBER CO.

(Circuit Court of Appeals, Second Circuit. June 8, 1915.)

No. 302.

APPEAL AND ERROR &⇒1050—HARMLESS ERROR—EVIDENCE.

Where, in an action for balance due for goods sold and delivered, the court submitted to the jury the statement of the accounts according to the figures of both parties, and on a sheet containing the figures of plaintiff showing a balance the court inadvertently wrote opposite the balance the words "Due on account according to defendant," instead of "according to plaintiff," the defendant was not prejudiced by the mistake plainly appearing on the face of the paper.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153–4157, 4166; Dec. Dig. &⇒1050.]

In Error to the District Court of the United States for the Southern District of New York.

On writ of error by the defendants to review a judgment in favor of the plaintiff for $4,415.99 entered upon the verdict of a jury in the District Court for the Southern District of New York. Affirmed.

Ruskay & Ruskay, of New York City (Abraham S. Gilbert, of New York City, of counsel), for plaintiffs in error.

Joseph A. Arnold, of New York City, for defendant in error.

Before LACOMBE, COXE, and ROGERS, Circuit Judges.

COXE, Circuit Judge. This action was brought by the Banner Rubber Company to recover of the defendants the balance of $5,974.17 due on the sale of rubber boots, etc., made by the plaintiff to the defendants between December, 1907, and December, 1910.

The defense is that the goods were not equal to the quality agreed upon. For this reason a large part of the goods so purchased was returned to the plaintiff by mutual consent. The defendants allege that in March, 1910, the parties entered into another agreement for further sale of rubber goods by sample, known as "standard Goodyear" and equal to the "Sunset grade" manufactured by the plaintiff. The defendants assert that there was a breach of these warranties and that the goods were worthless. Some of the statements in the charge as to the burden of proof were incorrect but no exceptions were taken and we do not think the jury were misled thereby. Many exceptions were taken but present no question for this court, for instance, the exception to the refusal of the court to grant the motion for a new trial. Upon the whole record, we think the questions of fact were fairly presented to the jury and a correct conclusion reached. It is not surprising that in a trial involving so many details and lasting four days some errors should have been committed, but we think in view of the comprehensive charge and the explanations and corrections made by the trial judge, that these errors were harmless and that the verdict of the jury was fully supported by the facts.

The record shows that the court charged the six propositions of law asked for by the counsel for the defendants and that they took no

exception to the charge. The fourteenth assignment of error is as follows:

"The court erred in submitting to the jury certain tabulations made up by the court upon which the court wrote opposite the balance the words 'Due on account according to defendant' instead of according to plaintiff."

We deem it only necessary in disposing of this assignment to quote what the trial judge says regarding it in his opinion denying the motion to set aside the verdict:

"Certain tabulations were submitted to the jury, with the approval of counsel, showing the state of the account according to plaintiff's figures and defendants' figures. One sheet was headed, 'Plaintiff's Figures Showing Balance on This Account with Regard to Claim for Breach of Warrant,' but by an inadvertence, I wrote opposite the balance on that sheet the words 'Due on account according to defendant,' instead of 'according to plaintiff.' Inasmuch, however, as this use of the word 'defendant' was a plain mistake on the face of the paper, and the sheet was accompanied by another one giving the balance as contended by defendant, I cannot see that there was any prejudice to the defendant in submitting it."

The judgment is affirmed with costs.